# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERNEST JUNE TURNER** | **CIVIL ACTION** |
| **versus** | **NO. 09-7026** |
| **STEVE RADER** | **SECTION: "D" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Ernest June Turner, is a state prisoner incarcerated at the Dixon Correctional Institute, Jackson, Louisiana. On January 14, 1998, he was convicted of forcible rape in violation of Louisiana law.[1] On February 11, 1998, he was sentenced to a term of fifteen years imprisonment, with the first two years of that sentence to be served without benefit of parole,

---

[1] State Rec., Vol. II of III, transcript of January 14, 1998; State Rec., Vol. II of III, minute entry dated January 14, 1998; State Rec., Vol. II of III, jury verdict form.

probation, or suspension of sentence.[2] On April 1, 1999, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence.[3] The Louisiana Supreme Court then denied his related writ application on June 30, 2000.[4]

The state court record reflects that petitioner's first post-conviction application was filed with the state district court on June 16, 2002.[5] That application was denied on February 11, 2003.[6] His related writ application was then denied by the Louisiana First Circuit Court of Appeal on April 22, 2003,[7] and he did not seek review of that denial by the Louisiana Supreme Court.

Petitioner thereafter filed with the state district court a second application for post-conviction relief on January 16, 2008.[8] That application was denied as repetitive and untimely on

---

[2] State Rec., Vol. II of III, transcript of February 11, 1998; State Rec., Vol. II of III, minute entry dated February 11, 1998.

[3] State v. Turner, No. 98 KA 1108 (La. App. 1st Cir. Apr. 1, 1999) (unpublished); State Rec., Vol. II of III.

[4] State ex rel. Turner v. State, 765 So.2d 1068 (La. 2000) (No. 2000-KH-0185); State Rec., Vol. II of III.

[5] State Rec., Vol. II of III. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Petitioner's application was signed June 16, 2002, which is the earliest date the application could have been given to prison officials for mailing and considered "filed."

[6] State Rec., Vol. II of III, Order dated February 11, 2003; State Rec., Vol. II of III, Reasons for Order dated February 11, 2003.

[7] State ex rel. Turner v. State, No. 2003 KW 0336 (La. App. 1st Cir. Apr. 22, 2003) (unpublished); State Rec., Vol. II of III.

[8] State Rec., Vol. II of III.

January 30, 2008.[9] His related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on September 18, 2008,[10] and the Louisiana Supreme Court on September 25, 2009.[11]

On or about October 16, 2009, petitioner filed the instant federal application for *habeas corpus* relief.[12] The state contends that the federal application is untimely.[13] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[14]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on June 30, 2000. Therefore, under § 2244(d)(1)(A), his conviction became "final" no later than September 28, 2000, when his period expired for seeking a writ of certiorari from the United

---

[9] State Rec., Vol. II of III, Order dated January 30, 2008.

[10] State v. Turner, No. 2008 KW 1242 (La. App. 1st Cir. Sept. 18, 2008) (unpublished); State Rec. Vol. II of III.

[11] State *ex rel.* Turner v. State, 18 So.3d 86 (La. 2009) (No. 2008-KH-2749); State Rec., Vol. I of III.

[12] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner's application is undated, but it was mailed in an envelope metered on October 16, 2009.

[13] Rec. Doc. 6.

[14] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, his one-year period for seeking federal *habeas corpus* relief commenced on that date and expired on September 28, 2001, unless that deadline was extended by tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, the state argues that petitioner had no such state applications pending at any time from September 28, 2000, through September 28, 2001. Further, the state court record does not reflect any filings during that period.

That said, there is one unexplained order in the state court record which gives this Court pause. At some unknown point, petitioner apparently filed with the Louisiana First Circuit Court of Appeal a writ application contending that he had filed a post-conviction application with the state district court on April 1, 2001. The Court of Appeal denied that writ application, holding:

> **WRIT DENIED.** We are advised by the Office of the Clerk of Court of Terrebonne Parish that it has no record of receiving an application for postconviction relief, allegedly filed on April 1, 2001. Relator should resubmit the application to the district court.[15]

*If* petitioner did in fact attempt to file post-conviction application on April 1, 2001, that would have been during the one-year limitations period. Despite the fact that the state district

---

[15] State *ex rel.* Turner v. State, No. 2002 KW 0260 (La. App. 1st Cir. June 3, 2002); State Rec., Vol. II of III.

court never received that application, it would still be considered "filed" for federal purposes and would have tolled the federal limitations period. See Stoot v. Cain, 570 F.3d 669, 672 (5th Cir. 2009); Lewis v. Cain, Civ. Action No. 09-2848, 2009 WL 3367055, at *2 (E.D. La. Oct. 16, 2009).

However, in the instant case, this Court need not determine whether petitioner did in fact attempt to file a post-conviction application on April 1, 2001. Even if the Court assumes for the purposes of this decision that petitioner "filed" such an application on that date, one hundred eighty-four (184) days of the limitations period had already elapsed untolled prior to that date.[16] Further, even if the Court tolls the federal limitations period from that date through the latest date tolling could even arguably be applicable, the limitations period would have resumed running no later than May 22, 2003.[17] At that point, petitioner would have had only one hundred eighty-one (181) days of the one-year limitations period remaining, meaning that he would have had only until

---

[16] During that period, petitioner apparently filed applications seeking production of a transcript. See, e.g., State ex rel. Turner v. State, No. 2000 KW 2055 (La. App. 1st Cir. Feb. 23, 2001) (unpublished); State Rec., Vol. II of III. However, motions or applications seeking production of transcripts or other documents cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

[17] Under this scenario, petitioner's post-conviction application dated June 16, 2002, would be considered a continuation of the attempted filing on April 1, 2001. The limitations period would therefore be tolled from April 1, 2001, until thirty days after the Court of Appeal's related denial of April 22, 2003, when his period expired for seeking review by the Louisiana Supreme Court. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004) (tolling continues uninterrupted for the duration of the post-conviction process, so long as petitioner sought review in a timely manner; however, "a state application ceases to be pending when the time for appellate review expires"); Louisiana Supreme Court Rule X, § 5(a) (a litigant has only thirty days to file a writ application to challenge a judgment of a Louisiana intermediate appellate court).

November 19, 2003, to file his federal application or to again toll the limitations period by filing another state application. However, it is clear that petitioner did not file his federal application by that date, and petitioner's next state application for post-conviction relief or other collateral review was not filed until January 16, 2008, many years after the limitations period expired.[18] Accordingly, even if the Court generously assumes that petitioner is eligible for this period of statutory tolling, it is still insufficient to make petitioner's federal application timely.

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

---

[18] State applications filed after the expiration of the federal statute of limitations have no bearing on the timeliness of a *habeas* petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

In light of the foregoing, petitioner's federal limitations expired no later than November 19, 2003, under even the most generous calculations. Because his federal application was not filed until October 16, 2009, and it is therefore untimely.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Ernest June Turner be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[19]

New Orleans, Louisiana, this twenty-fifth day of January, 2010.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.